Ms. Mary M. Viator Attorney at Law Pal-Mar Water Control District Post Office Box 2775 Palm Beach, Florida 33480-2775
Dear Ms. Viator:
You have asked for my opinion on substantially the following question:
Is the Pal-Mar Water Control District authorized to waive or forgive unpaid delinquent special assessments levied against property within the district over a period of several years?
In sum:
The Pal-Mar Water Control District is not authorized to waive or forgive unpaid delinquent special assessments levied against property within the district.
According to information supplied with your request, a large portion of privately-owned property located within the boundaries of the Pal-Mar Water Control District (district) will be acquired for public ownership. More specifically, the property is to be transferred to the South Florida Water Management District, Palm Beach County, and/or Martin County. Private property owners in the district have requested that the district waive or forgive a substantial amount of unpaid delinquent assessments, plus penalties and interest that have been levied against this property over a period of several years.
The district contacted the Department of Revenue for assistance in determining procedures to be followed if the district were to waive or forgive such assessments, interest and penalties. The Department of Revenue advised the district that it may not simply forgive the unpaid special assessments but must follow the provisions of section 197.122, Florida Statutes, and administrative rules. Because the waiver of special assessments by the Pal-Mar Water Control District does not involve any of the situations outlined in section 197.122, Florida Statutes, you have asked whether the district has the authority to forego collection of these funds.
The Pal-Mar Water Control District is an independent special purpose taxing district created in 1972 pursuant to Chapter 298, Florida Statutes.[1] The district is located in Martin and Palm Beach Counties and consists of approximately 22,000 acres. Since its creation, the district has annually levied a non-ad valorem assessment and placed these on the tax notices prepared by Martin and Palm Beach Counties. The assessment is made for two purposes: 1) a maintenance assessment to cover the maintenance efforts of the district; and 2) a benefit assessment to pay the principal and interest on the bonds issued by the district to construct the required water management improvements. According to information you have supplied to this office, approximately $175,000 is currently outstanding from both counties for delinquent assessments levied but uncollected over the years, plus related penalties and interest on these assessments.
As a water control district created prior to July 1, 1980, pursuant to the procedures contained in sections 298.01, 298.02, and 298.03, Florida Statutes (1979), the Pal-Mar Water Control District continues to operate as authorized by Chapter 298, Florida Statutes.[2] Section 298.305, Florida Statutes, provides that
"[T]he board of supervisors shall levy a non-ad valorem assessment as approved by the board on all lands in the district to which benefits have been assessed, to pay the costs of the completion of the proposed works and improvements[.]. . . . The assessment must be apportioned to and levied on each assessable tract of land in the district. Under s. 298.54, the board of supervisors may also levy a maintenance assessment on all lands in the district to which benefits have been assessed as may be necessary to operate and maintain the district works and activities and to defray the current expenses of the district."[3]
Thus, section 298.305(1), makes provision for both maintenance and benefit assessments.[4]
Section 298.333, Florida Statutes, states:
"All non-ad valorem assessments provided for in this chapter, together with all penalties for default in payment of the same and all costs in collecting the same, constitutes, from the date of assessment thereof until paid, a lien of equal dignity with the liens for county taxes and other taxes of equal dignity with county taxes upon all the lands against which such assessments have been levied and assessed, pursuant to s. 197.3632."
Section 298.341, Florida Statutes, states that all non-ad valorem assessments provided for in Chapter 298, Florida Statutes, will become delinquent and incur penalties on the assessed amount in the same manner as county taxes. The assessments will constitute a lien on the property against which they are assessed until they are paid and the lien is enforceable in the same manner as one imposed for county taxes.[5]
Pursuant to section 298.345, Florida Statutes:
"The collection and enforcement of all non-ad valorem assessments levied by the district shall be at the same time and in like manner as county taxes, and the provisions of the Florida Statutes relating to the sale of lands for unpaid and delinquent county taxes, the issuance, sale, and delivery of tax certificates for such unpaid and delinquent county taxes, the redemption thereof, the issuance to individuals of tax deeds based thereon, and all other procedures in connection therewith, apply to the district and the delinquent and unpaid assessments and taxes of the district to the same extent as if the statutory provisions were expressly set forth in this chapter. All non-ad valorem assessments are subject to the same discounts as county taxes."
Thus, the collection and enforcement of special assessments of water control districts are accomplished using the legal considerations applicable to county taxes.
Chapter 197, Florida Statutes, recognizes a number of situations in which corrective action may be taken regarding taxes. Section197.122(1), Florida Statutes, states:
"No act of omission or commission on the part of any property appraiser, tax collector, board of county commissioners, clerk of the circuit court, or county comptroller, or their deputies or assistants, or newspaper in which any advertisement of sale may be published shall operate to defeat the payment of taxes; but any acts of omission or commission may be corrected at any time by the officer or party responsible for them in like manner as provided by law for performing acts in the first place, and when so corrected they shall be construed as valid ab initio and shall in no way affect any process by law for the enforcement of the collection of any tax. All owners of property shall be held to know that taxes are due and payable annually and are charged with the duty of ascertaining the amount of current and delinquent taxes and paying them before April 1 of the year following the year in which taxes are assessed."
This section also authorizes the property appraiser to correct a "material mistake of fact relating to an essential condition of the subject property to reduce an assessment if to do so requires only the exercise of judgment as to the effect on assessed or taxable value of that mistake of fact." This would allow the property appraiser to correct an assessment that contained a mistake as to such things as the amount of acreage being assessed or the restrictions on permissible use of the assessed property.[6]
The Department of Revenue is required to pass upon and order refunds whether the tax payment has been made voluntarily or involuntarily under any of the following circumstances:
"1. When an overpayment has been made.
2. When a payment has been made when no tax was due.
3. When a bona fide controversy exists between the tax collector and the taxpayer as to the liability of the taxpayer for the payment of the tax claimed to be due . . . and it is finally adjudged by a court of competent jurisdiction that the taxpayer was not liable for the payment of the tax or any part thereof.
4. When a payment has been made in error by a taxpayer to the tax collector. . . .
5. When any payment has been made for tax certificates that are subsequently corrected or are subsequently determined to be void under s. 197.443."[7]
Certain refunds do not require the involvement of the Department of Revenue. Refunds ordered by a court and refunds other than those resulting from changes made in the assessed value of property are to be made directly by the tax collector.[8] The tax collector also provides direct refunds in cases where a payment has been made in error by a taxpayer because of an error in the tax notice.[9] Claims for refunds must be made in accordance with the rules of the Department of Revenue and must be made within four years of January 1 of the tax year for which the taxes were paid.[10]
Your letter indicates that none of the factual situations described in Chapter 197, Florida Statutes, that would authorize a refund or correction of an assessment is present in the instant case. There is no allegation of invalid assessments, over-payments or other errors for which refunds or corrections are authorized to be made pursuant to statute. Rather, the district has received requests from certain delinquent taxpayers for a waiver of the special assessments owed. Nothing in Chapter 197, Florida Statutes, or elsewhere, provides authority to the Pal-Mar Water Control District to waive or forgive special assessments that have been lawfully assessed.
Unlike counties and municipalities, which have been granted home rule powers, water control districts possess no inherent or home rule powers. Created by statute for specific limited purposes, such districts may exercise only those powers and authority as have been granted by law.[11]
Chapter 298, Florida Statutes, authorizes water control districts to impose maintenance and benefit assessments. These non-ad valorem assessments have been lawfully and correctly levied and are now delinquent. No provision of Chapter 197, Florida Statutes, authorizes the district to forgive or waive lawfully imposed special assessments.
Thus, it is my opinion that the Pal-Mar Water Control District is not authorized to waive or forgive unpaid delinquent special assessments validly levied against property within the district.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] The Pal-Mar Water Control District was originally created as the Pal-Mar Water Management District pursuant to the provisions of Ch. 298, Fla. Stat. In 1978 all districts created pursuant to this chapter were designated "water control districts." See, s.298.001, Fla. Stat.
[2] After July 1, 1980, the statutes provide that "no water control district may be created except pursuant to s. 125.01 or a special act of the Legislature." See, 298.01, Fla. Stat.
[3] Section 298.305(1), Fla. Stat.
[4] And see, s. 298.329, Fla. Stat., authorizing the board of supervisors to develop a new or amended water control plan if the works set out in the district plan are found to be insufficient.
[5] Section 298.341, Fla. Stat.
[6] Section 197.122(3), Fla. Stat. The statute defines "an essential condition of the subject property" to mean
"a characteristic of the subject parcel, including only:
1. Environmental restrictions, zoning restrictions, or restrictions on permissible use;
2. Acreage;
3. Wetlands or other environmental lands that are or have been restricted in use because of such environmental features;
4. Access to usable land;
5. Any characteristic of the subject parcel which characteristic, in the property appraiser's opinion, caused the appraisal to be clearly erroneous; or
6. Depreciation of the property that was based on a latent defect of the property which existed but was not readily discernible by inspection on January 1, but not depreciation resulting from any other cause."
[7] Section 197.182(1)(a), Fla. Stat.
[8] Section 197.182(1)(b)1., Fla. Stat
[9] Section 197.182(1)(b)2., Fla. Stat.
[10] Section 197.182(1)(c), Fla. Stat.
[11] See, e.g., Op. Att'y Gen. Fla. 90-63 (1990) (in the absence of a statute authorizing the recall of a supervisor of a water control district, the landowners of such a district are not authorized to establish procedures for the recall of a supervisor); and Op. Att'y Gen. Fla. 81-17 (1981). And see, ForbesPioneer Boat Line v. Board of Commissioners of Everglades DrainageDistrict, 82 So. 346 (Fla. 1919).